IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSEPH USHER,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-668-jdp

Plaintiff Joseph Usher seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding Usher not disabled within the meaning of the Social Security Act from February 17, 2014, through the date of the decision.[1] On October 20, 2015, the court heard oral argument in this case. For reasons discussed during the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings.

A. Dr. Wakely's March 2014 opinion

In March 2014, David J. Wakely, PhD, opined that Usher continued to experience marked restrictions in daily living activities; marked difficulties maintaining social functioning; marked limitations in concentration, persistence, or pace; and one or two

---

[1] The ALJ determined that Usher was disabled from September 25, 2012, through February 16, 2014. The ALJ determined that on February 17, 2014, Usher experienced "medical improvement" and has been able to perform substantial gainful activity since that date. Usher seeks judicial review of only the ALJ's unfavorable evaluation of the period from February 17, 2014, through the date of decision.

episodes of decompensation. R. 719.[2] Dr. Wakely opined that, as a result, Usher would likely miss work about four days per month. *Id.*

When determining Usher's post-medical improvement RFC, the ALJ declined to afford Dr. Wakely's March 2014 opinion controlling weight. However, the ALJ did not identify substantial inconsistent evidence in the record that would justify withholding controlling weight, nor did he identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)). The ALJ did not expressly recognize Dr. Wakely's treating relationship with Usher, nor did the ALJ identify evidence in the record supporting Dr. Wakely's March 2014 opinion.

Beyond these shortcomings, the ALJ's given reasons for discounting the March 2014 opinion are not supported by substantial evidence in the record as a whole. First, the ALJ stated that the March 2014 report failed to identify clinical or laboratory support for Dr. Wakely's opinion. However, Dr. Wakely specifically cited objective evidence in support of his opinion,[3] and the ALJ did not identify any objective evidence on which Dr. Wakely *should* have relied. Second, the ALJ stated that Usher often exaggerated or misrepresented his symptoms. However, the evidence in the record demonstrating Usher's tendency to exaggerate symptoms is dated (from 2012) and from a single *examining* (as opposed to treating) source. Dr. Wakely, Usher's *treating* physician, never arrived at a similar conclusion. Third, nothing in the record suggests that Usher "pre-checked" the March 2014 forms,

---

[2] Record cites are to the administrative transcript, located at Dkt. 11.

[3] Dr. Wakely identifies Usher's history of a traumatic event; avoidance of thoughts and activities that are reminders of the event; emotional numbing; heightened physical reactivity; and unwanted memories of the traumatic event. R. 718.

contrary to the ALJ's finding. Dr. Wakely consistently pointed out any pre-checked responses on other forms, and, when necessary, he distinguished his opinion from the response in the pre-checked boxes. *See* R. 677.

Finally, the ALJ failed to identify substantial evidence in the record that is inconsistent with Dr. Wakely's March 2014 opinion. The ALJ relied on February 17, 2014, treatment notes from Joseph G. Kovacic, DO, to discount Dr. Wakely's opinion, stating that "[t]his doctor also documented improvement in the claimant's mental health symptoms." R. 25. However, the ALJ's assessment is misleading: Dr. Kovacic is a physician, not a mental health provider, and on February 17, 2014, Dr. Kovacic examined Usher for the first time regarding kidney stones. R. 706-07. Dr. Kovacic's notes are a one-line emergency department reference to the fact that Usher exhibited a normal mood and affect during the emergency room visit. R. 707. The ALJ also relied on non-examining state agency consultants' opinions to undermine Dr. Wakely's March 2014 opinion. But the state agency opinions were from March and September 2013. R. 85-94, 111-126. It is troubling that the ALJ determined that the 2013 state agency opinions were somehow more credible than Dr. Wakely's March 2014 opinion when evaluating Usher's RFC post-February 16, 2014, given that the ALJ gave these opinions *less* weight when determining Usher's pre-medical improvement RFC. The ALJ failed to justify or explain his decision to discount the state agency opinions during the time frame in which they were issued while applying the opinions to Usher's condition months after the consultants issued their opinions.

On remand, the ALJ must adequately explain why Dr. Wakely's March 2014 opinion is not entitled to controlling weight by identifying how it is inconsistent with other evidence

of record. If the ALJ determines that Dr. Wakely's March 2014 opinion is not entitled to controlling weight, then the ALJ must identify and apply the pertinent § 1527(c) factors.

## B.  VE hypothetical

At the administrative hearing, the ALJ's hypothetical did not incorporate the aspect of Usher's post-medical improvement RFC that limited him to simple, repetitive tasks not requiring decision making.

"As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). ALJs must provide VEs with a complete picture of a claimant's residual functional capacity. *Murphy v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014), *as amended* (Aug. 20, 2014), *reh'g denied* (Oct. 10, 2014) (citing *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011)). "[I]f the hypothetical posed to the VE does not include all of the claimant's limitations, there must be some amount of evidence in the record indicating that the VE knew the extent of the claimant's limitations." *Murphy*, 759 F.3d at 820; *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). The court will not assume that the VE was aware of Usher's moderate limitations in concentration, persistence, or pace (the aspect of Usher's RFC limiting him to simple, repetitive tasks not requiring decision making) because nothing in the record suggests that the VE independently reviewed Usher's medical records or otherwise acknowledged Usher's moderate CPP limitations. The hearing transcript is clear that the VE focused on: (1) records concerning Usher's work history; (2) testimony concerning Usher's work history; and (3) the ALJ's hypothetical questions. R. 65-66. The ALJ failed to include all of Usher's limitations in the hypothetical,

4

and on remand, the ALJ must present the VE with a hypothetical that incorporates *all* limitations supported by the medical record and accounted for in the RFC.

**C. RFC**

Usher's post-medical improvement RFC likely does not fully account for Usher's moderate limitations in CPP. The Seventh Circuit has repeatedly rejected the notion that limiting a claimant to unskilled work, or simple, routine tasks, adequately accounts for moderate limitations in concentration, persistence, or pace. *Yurt*, 758 F.3d at 858-59; *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009) (holding that "simple, routine tasks that do not require constant interactions with coworkers or the general public" does not adequately account for moderate CPP limitations). On remand, when determining Usher's RFC, the ALJ must fully account for Usher's moderate CPP limitations with specific references to the record.

Finally, the ALJ should consider reevaluating Usher's medical improvement and credibility, after reweighing Dr. Wakely's March 2014 opinion and addressing the other issues identified in this opinion.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, partially denying plaintiff Joseph Usher's application for disability benefits and supplemental security income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. To be clear, the court remands only that portion of the ALJ's decision concerning February 17, 2014, through

the date of the decision. The clerk of court is directed to enter judgment for plaintiff and close this case.

    Entered October 23, 2015.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge